UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cr-365-FDW-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| STANLEY BENTON, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant's *pro se* "Motion to Correct Error in Judgment Pursuant to the Fed. R. of Cr. P. Rule 36 or In the Alternative; Motion for the Appointment of Counsel for this Rule 36 Issue," (Doc. No. 71).

Defendant pleaded guilty to kidnapping and transporting a victim in interstate commerce, for which he is serving a 188-month sentence. (Doc. Nos. 47, 48, 62, 66). He did not appeal.

In 2015, Defendant filed a § 2255 Motion to Vacate, Civil Case No. 3:15-cv-530. He argued that counsel labored under a conflict of interest and failed to adequately represent him at sentencing, and that the Government breached the plea agreement with regards to a three-point reduction for timely acceptance of responsibility. The Court denied the Motion to Vacate on the merits, Benton v. United States, 2015 WL 7431053 (W.D.N.C. Nov. 20, 2015), and the Fourth Circuit Court of Appeals dismissed Defendant's appeal on September 7, 2016, United States v. Benton, 668 F. App'x 493 (4th Cir. 2016).

In the present "Motion to Correct…," Defendant seeks relief from the criminal judgment pursuant to Rule 36 of the Federal Rules of Civil Procedure, and requests the appointment of counsel. He argues that the Court erred by failing to appoint substitute counsel and by accepting

1

his guilty plea and sentencing him despite disagreements with counsel. He asks the Court to correct, as a clerical error, the calculation of his advisory guideline range that allegedly resulted from the inaccurate plea agreement and counsel's ineffective assistance at sentencing.

Federal Rule of Criminal Procedure 36 provides that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. To be redressable under Rule 36, an error must be "purely clerical," for instance, a recording or scrivener's error. United States v. Powell, 266 F. App'x 263 (4th Cir. 2008). A defendant may not obtain Rule 36 relief based on a substantive error. United States v. Vanderhorst, 927 F.3d 824 (4th Cir. 2019). No recording or scrivener's error is apparent in the instant case; the alleged errors that the Defendant has identified are substantive challenges to his conviction and sentence.

Because the Motion directly challenges Defendant's conviction and sentence, it will be recharacterized as a § 2255 Motion to Vacate.[1] United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (as a general matter "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider."), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (2015); see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition). The Clerk will thus be directed to file the Rule 36 Motion as a successive Motion to Vacate pursuant to 28 U.S.C. § 2255 in a new civil case. See, e.g., United States v. Roberts, 2015

---

[1] No warnings pursuant to United States v. Castro, 540 U.S. 375 (2003) are required before the Motion is recharacterized because this is not Defendant's initial § 2255.

2

WL 13649104 (E.D. Va. Aug. 19, 2015).

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion for filing with this Court, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Without such pre-filing authorization, the district court lacks jurisdiction to consider a successive application. See Winestock, 340 F.3d at 205. A second-in-time § 2255 motion will not, however, be successive when "the facts relied on by the movant seeking resentencing did not exist when numerically first motion was filed and adjudicated." United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014).

The Defendant does not allege that he has received authorization from the Fourth Circuit Court of Appeals to file this Motion or that his claims were not previously ripe.[2] Instead, he seeks again to challenge the validity of his long-final conviction and sentence. Defendant's § 2255 claims fall squarely within § 2255(h)(2) and Defendant must receive authorization from the Fourth Circuit before presenting them to this Court. Accordingly, this is an unauthorized successive § 2255 Motion to Vacate and it will be dismissed for lack of jurisdiction.

Defendant's request for the appointment of counsel will also be denied. There is no constitutional right to the appointment of counsel in § 2255 actions. Pennsylvania v. Finley, 481

---

[2] A search of PACER reflects that no such authorization has been requested or granted.

U.S. 551, 555 (1987). The appointment of counsel in § 2255 proceedings is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. The Court may also appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). Defendant states no grounds to support his request for the appointment of counsel. Neither discovery nor an evidentiary hearing appears to be required in this case and Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. Therefore, his request for counsel will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's *pro se* "Motion to Correct Error in Judgment Pursuant to the Fed. R. of Cr. P. Rule 36 or In the Alternative; Motion for the Appointment of Counsel for this Rule 36 Issue," (Doc. No. 71) is recharacterized as a § 2255 Motion to Vacate. It is **DISMISSED** for lack of jurisdiction and the request for the appointment of counsel is **DENIED**.

2. The Clerk is instructed to open this Motion in a new civil case.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a

constitutional right).

Signed: October 18, 2021

*Frank D. Whitney*
Frank D. Whitney
United States District Judge